IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joseph Mason, | ) | Case No.  6:21-cv-02167-TMC |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | |
| | ) | |
| Five Star Carbide, LLC; RANN | ) | |
| Products, LLC; ARC Global | ) | **DEFENDANTS' ANSWER TO** |
| Holdings, Inc.; Afzaal Mir, | ) | **COMPLAINT** |
| Individually; Jerry Saad, individually; | ) | |
| and Larry McKinney, individually, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants', Five Star Carbide, LLC; RANN Products, LLC; ARC Global Holdings, Inc.; Afzaal Mir, individually; Jerry Saad, individually; and Larry McKinney, individually, by and through its undersigned attorney, hereby Answer to the Complaint of the Plaintiff and would respectfully show as follows:

1.      Each and every allegation of the Complaint not hereinafter admitted is deemed to be denied.

2.      Defendants deny Paragraphs 1, 2, 3, 4, 5, 6 and 7 of Plaintiff's Complaint.

3.      As to citizenship and residency in Paragraph 8 is admitted and all other allegations of Paragraph 8 are denied.

4.      Defendants admit Paragraphs 9, 10, 11, 12, 13 and 14.

5.      Defendants deny Paragraphs 15, 16 and 17.

6.      Without admitting the allegations that jurisdiction is granted pursuant to this action the Defendants do not contest jurisdiction in this matter as alleged in Paragraphs 18, 19 and 20.

7.      In responding to Paragraph 21 the answering Defendants will simply say their venue is proper in this district.

8.      Defendants admit Paragraphs 22, 23 and 24.

9.      In responding to Paragraphs 25, 26, and 27 reference is craved cited to the October 26, 2018 letter.

10.     Defendants admit Paragraph 28 and 29.

11.     Defendants deny Paragraphs 30 and 31.

12.     Defendants admit Paragraph 32, 33 and 34.

13.     Defendants deny Paragraphs 35, 36, 37, 38, 39, 40, 41 and 42.

14.     Defendants admit Paragraph 43.

15.     Defendants deny Paragraph 44.

16.     Defendants admit Paragraph 45 in that Plaintiff did email Defendant Mir on or about August 12, 2020.

17.     In responding to Paragraph 46 it is admitted that the Defendants terminated its relationship with the Plaintiff effective September 1, 2020.

18.     In responding to Paragraph 47 all commissions due have been paid.

19.     Defendants deny Paragraph 49.

20.     Defendants admit Paragraphs 50 and 51.

21.     In answering Paragraph 52 reference is craved to the cited statute.

22.     Defendants deny Paragraphs 53, 54, 55 and 56.

23.     Defendants admit Paragraph 58.

24.     Defendants deny Paragraphs 59, 60, 61, 62 and 63.

25.     In responding to Paragraph 65 said allegations are denied

26.     Defendants deny Paragraph 66.

27.     Defendants admit Paragraph 67 as to the second agreement setting forth terms for Plaintiff to be compensated.

28.     Defendants deny Paragraph 68.

29.     In responding to Paragraph 69 reference is craved to the cited statute.

30.     Defendants deny Paragraphs 70, 71, 72 and 73.

31.     Defendants admit Paragraph 75.

32.     Defendants deny Paragraphs 76, 77, 78, 79, 80, 81, 82, 83, 84, 85 and 86.

33.     Defendants deny Paragraph 87.

34.     Defendants deny Paragraphs 88, 89 and 90.

35.     Defendants admit Paragraph 92.

36.     Defendants deny Paragraphs 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106 and 107.

**FOR A SECOND DEFENSE**

37.     Defendants reallege and set forth herein as if repeated verbatim their previous defense.

38.     Defendants allege that, pursuant to Rule 12(b)(6), *South Carolina Rules of Civil Procedure*, Plaintiff's Complaint shall be dismissed as it fails to set forth facts sufficient to constitute a cause of action upon which relief can be granted.

**FOR A THIRD DEFENSE**

39.     Defendants reallege and set forth herein as if repeated verbatim its previous defenses.

40.     Defendants allege that the Plaintiff's claims against the Defendants are barred by

the doctrine of estoppel.

## FOR A FOURTH DEFENSE

41.     Defendants reallege and set forth herein as if repeated verbatim its previous defenses.

42.     Defendants allege that the Plaintiff's Complaint is frivolous and thus, Defendants are entitled to costs and attorney's fees against the Plaintiff pursuant to S.C. Code Ann. §15-36-10.

## FOR A FIFTH DEFENSE

43.     Defendants reallege and set forth herein as if repeated verbatim its previous defenses.

44.     Defendants allege the equitable defense of unclean hands as a bar to Plaintiff's Complaint and requested relief.

## FOR A SIXTH DEFENSE
### (Compliance with Legal Standards)

45.     Defendants reallege and set forth herein as if repeated verbatim its previous defenses.

46.     In discharging their performance, Defendants complied with each and every Material legal standard imposed upon it under governing law. Therefore, the Complaint must be dismissed.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that the Complaint be dismissed in its entirety, with prejudice, that Defendants be awarded actual damages, prejudgment interest, consequential damages, attorneys' fees and costs, such punitive damages as the Court may award, and such other and further relief as this Court may deem just and equitable.

**TALLEY LAW FIRM, P.A.**


   /s/ Scott F. Talley

Scott F. Talley, Esquire, Fed.I.D. 9016
134 Oakland Ave.
Spartanburg, South Carolina 29302
August 11, 2021                     (864) 595-2966
Spartanburg, SC                     Attorneys for Defendants