**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Joseph Mason, | ) | CA No. 6:21-cv-2167-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S MEMORANDUM IN** |
| vs. | ) | **SUPPORT OF MOTION TO** |
| | ) | **COMPEL DISCOVERY** |
| Five Star Carbide, LLC; RANN | ) | **RESPONSES** |
| Products, LLC; ARC Global Holdings, | ) | |
| Inc.; Afzaal Mir; Jerry Saad; and | ) | |
| Larry McKinney, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Fed. R. Civ. P. 37(a) and (d), Plaintiff Joseph Mason ("Plaintiff"), respectfully moves this Court for an order compelling Defendants Five Star Carbide, LLC and RANN Products, LLC, to respond to Plaintiff's early Rule 34 Document Requests and to provide the corresponding document productions, and deeming any objections to same waived. Plaintiff also seeks his reasonable attorneys' fees and costs in bringing this motion.

**I.     INTRODUCTION**

This case involves Plaintiff's claims that he was misclassified by Defendants as an independent contractor; that Defendants failed to pay him commissions due and owing in violation of the South Carolina Payment of Wages Act and then wrongfully terminated Plaintiff in retaliation for him asserting rights to payment; and that his personal email account was unlawfully accessed by Defendants, which constituted common-law invasion of privacy and violations of both the federal and state "Wiretap" acts (18 U.S.C. § 2510, *et seq.*, S.C. Code Ann. § 17-30-10, *et seq.*).

1

The present motion relates to Fed. R. Civ. P. 34 early document requests served by Plaintiff on Defendants Five Star Carbide, LLC ("Five Star") and RANN Products, LLC ("RANN") (herein, collectively "Responding Defendants") pursuant to Fed. R. Civ. P. 26(d)(2), which sought responses and documentation related to the invasion of privacy and federal and state Wiretap Act claims. As of the date of this motion, nearly thirty (30) days have passed since the responses were due and no responses have been forthcoming, despite multiple meet-and-confer attempts by Plaintiff's counsel. As such, Plaintiff brings the present motion to compel responses pursuant to Fed. R. Civ. 37(a)(3)(B)(iv) and for an order that Responding Defendants have waived the opportunity to interpose any objections to the document requests.

## II.     STATEMENT OF RELEVANT FACTS

<u>Factual Background</u>

Plaintiff was employed as a Sales Engineer (misclassified as an independent contractor) of Defendants from September/October 2020 until his wrongful termination in violation of public policy on or about September 1, 2020. [Docket No. 1, Complaint at ¶¶ 8, 30-41, 46]. During his employment and continuing after his termination, Defendants refused to pay Plaintiff commissions due and owing on new and existing customer orders procured by Plaintiff. <u>Id.</u> at ¶¶ 45-47.

After his wrongful termination, Plaintiff was sending personal emails to his counsel and his financial advisors from his personal email account, when he inexplicably received an "out of office reply" from the company email account of Five Star employee Jake Axelson, who had not been a recipient of nor copied on the sent emails (some of which are

subject to the attorney-client privilege). Id. at ¶¶ 77-80. Upon information and belief, in 2020, Defendants accessed Plaintiff's laptop and his personal email account (which he also used for business communications) under the guise of a purported "software update" to surreptitiously set up automatic forwarding of all outgoing emails from Plaintiff's account to a Five Star employee. Id. at ¶¶ 75-76.

Because the interception and accessing of his personal emails was not only emotionally distressing and disturbing but also implicated the attorney-client privilege, Plaintiff's counsel provided courtesy copies of early Rule 34 document requests to defense counsel on August 13, 2021, indicating that "[f]urther conversation on the subject matter of these Requests is warranted." Hamilton Cawley Declaration at ¶ 2, Exhibit A. Plaintiff's counsel again communicated with defense counsel via email via telephone on Wednesday, August 18, 2021, regarding the alleged unlawful accessing and interception of Plaintiff's personal email account and the attorney-client privilege concerns, which discussion was memorialized in a follow-up email to defense counsel that same day. Hamilton Cawley Declaration at ¶ 3, Exhibit C. Plaintiff also formally served each of the Responding Defendants with early Rule 34 Document Requests relating to this issue on August 18, 2021, more than twenty-one days after the Summons and Complaint were served on Defendants. Hamilton Cawley Declaration at ¶ 4, Exhibit C. Counsel for the parties held their Rule 26(f) Conference on September 3, 2021, at which point Responding Defendants had thirty (30) days in which to respond to the respective document requests. Id. at ¶ 5.

On October 7, 2021, Plaintiff's counsel emailed defense counsel requesting a status update on Responding Defendants' respective failures to provide timely responses to the

3

document requests. Hamilton Cawley Declaration at Exhibit D. When defense counsel did not respond, Plaintiff's counsel sent a formal LR 7.02 meet-and-confer email on October 8, 2021. Id. That same day, defense counsel indicated that his review of the documents provided was "taking time" and that responses would likely be forthcoming in the next week. Id. On October 11, 2021, Plaintiff's counsel indicated that they would look forward to a status update that week or early the next week (the weeks of October 11 and October 18, 2021). Id.  No status update, much less responses to the early Rule 34 document requests, was provided. The 21-day period in Local Rule 37.01 expired on Sunday, October 24, 2021; as such, Plaintiff was required to bring the present motion to compel on October 25, 2021.

The Discovery Requests

Plaintiff served the following early document requests on Responding Defendants on August 18, 2021, and the thirty-day time period to respond began running on September 3, 2021, the date of the Rule 26(f) conference:

**Document Requests to Five Star:**

1. Produce any and all emails received by Defendant from Plaintiff's Company Email Address, including but not limited to communications between Plaintiff's attorneys and financial advisors.

2. Produce any and all emails automatically forwarded from Plaintiff's Personal Email Address to Plaintiff's Company Email Address.

3. Produce any and all emails automatically forwarded from Plaintiff's Personal Email Address to an email address ending in @fivestarcarbide.com.

4

4. Produce any and all documents referring or relating to the creation and activation of Plaintiff's Company Email Address and the assignment of that email address to Plaintiff.

5. Produce any and all communications between any of Defendant's agents with administrative access to Plaintiff's Company Email Address and Defendant during the relevant time period, that refer or relate to Plaintiff.

6. Produce any and all documents referring or relating to the automatic forwarding of emails from Plaintiff's Personal Email Address to Plaintiff's Company Email Address.

7. Produce any and all documents referring or relating to the automatic forwarding of emails from Plaintiff's Company Email Address to any other email addresses, including but not limited to Defendant's email address(es), and Jake Axelson (jake@fivestarcarbide.com).

8. Produce any and all communications referring or relating to the deactivation of Plaintiff's Company Email Address.

9. Produce documents sufficient to identify the administrator(s) of Defendant's company-issued Gmail accounts ending in "@fivestarcarbide.com" (e.g. [employee name]@ fivestarcarbide.com) during the relevant time period.

10. Produce documents sufficient to identify the Defendant's Information Technology representative(s) with access to Defendant's company-issued Gmail accounts ending in fivestarcarbide.com" (e.g. [employee name]@ fivestarcarbide.com), during the relevant time period.

11. Produce any and all documents referring or relating to Defendant's policy(ies) regarding software updates to employees' or independent contractors' work or personal computers.

12. Produce any and all documents referring or relating to any purported "software update" installed on Plaintiff's personal computer during the relevant time period.

13. Produce any and all communications between Defendant (or its agent) and third parties referring or relating to emails (or the contents thereof) received by Defendant from Plaintiff's Company Email Address.

**Document Requests to RANN:**

1. Produce any and all emails received by Defendant from Plaintiff's Company Email Address, including but not limited to communications between Plaintiff's attorneys and financial advisors.

2. Produce any and all documents referring or relating to the creation and activation of Plaintiff's Company Email Address and the assignment of that email address to Plaintiff.

3. Produce any and all communications between any of Defendant's agents with administrative access to Plaintiff's Company Email Address and Defendant during the relevant time period, that refer or relate to Plaintiff.

4. Produce any and all emails automatically forwarded from Plaintiff's Personal Email Address to Plaintiff's Company Email Address.

5. Produce any and all documents referring or relating to the automatic forwarding of emails from Plaintiff's Personal Email Address to Plaintiff's Company Email Address.

6. Produce any and all documents referring or relating to the automatic forwarding of emails from Plaintiff's Company Email Address to any other email addresses, including but not limited to Defendant's email address(es) ending in @rannproducts.com, and Jake Axelson's email account(s).

7. Produce any and all communications referring or relating to the deactivation of Plaintiff's Company Email Address.

8. Produce documents sufficient to identify the administrator(s) of Defendant's company-issued Gmail accounts ending in "@rannproducts.com" (e.g. [employee name]@rannproducts.com during the relevant time period.

9. Produce documents sufficient to identify the Defendant's Information Technology representative(s) with access to Defendant's company-issued Gmail accounts ending in "@rannproducts.com" (e.g. [employee name]@rannproducts.com), during the relevant time period.

10. Produce any and all documents referring or relating to Defendant's policy(ies) regarding software updates to employees' or independent contractors' work or personal computers.

11. Produce any and all documents referring or relating to any purported "software update" installed on Plaintiff's personal computer during the relevant time period.

12. Produce any and all communications between Defendant (or its agent) and third parties referring or relating to emails (or the contents thereof) received by Defendant from Plaintiff's Company Email Address.

**Timeliness of Motion and Satisfaction of Meet and Confer Obligations.**

The Responding Defendants' responses to the early Rule 34 document requests were due on October 3, 2021—thirty days from the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2) ("The request is considered to have been served at the first Rule 26(f) conference."). Pursuant to LR 37.01, Plaintiff was required to bring a motion to compel within 21-days of the due date, or October 24, 2021. Because October 24, 2021 fell on a Sunday, the present motion to compel filed and served on October 25, 2021, is timely. Fed. R. Civ. P. 6(a)(1)(C). As set forth in the exhibits to the Hamilton Cawley Declaration, Plaintiff satisfied his meet-and-confer obligations prior to bringing the present motion.

### III.     LEGAL ARGUMENT

Federal Rule of Civil Procedure 34 permits a party to serve document requests on any other party, and "the party to whom the request is directed must respond in writing within 30 days after being served or—if the request was delivered under Rule 26(d)(2)— within 30 days after the parties' first Rule 26(f) conference." In turn, Fed. R. Civ. P. 37(a)(3)(B) provides that, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if…(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

Here, Responding Defendants have simply failed to respond to the document requests, which were served on August 18, 2021, by the due date of October 3, 2021. At the time of filing the present motion, the responses are over three weeks late. The failure to respond to the first round of document requests, which were propounded on the issue of

8

improperly accessing and intercepting Plaintiff's personal emails from his personal email account, is prejudicial because it has impaired Plaintiff's ability to advance his Wiretap and invasion of privacy claims, particularly as it relates to identifying deponents and third parties who will need to be subpoenaed, and retaining an expert witness on this specialized issue. Further, the delay is highly prejudicial because there is reason to believe that the documents that Responding Defendants have failed to produce include attorney-client privileged communications between Plaintiff and his counsel that were, upon information and belief, unlawfully accessed and are now being improperly retained by Responding Defendants. See, e.g., Ex. B to Hamilton Cawley Declaration.

Aside from generic assertions of "many, many emails" to review (which is frequently the case in litigation), Responding Defendants have not offered any justification for the failure to respond in meet-and-confer communications, did not proactively seek a specific extension of time in which to respond, and have declined to produce documents on a rolling basis. At the same time, Responding Defendants are actively pursuing their own discovery—namely, requesting Plaintiff's deposition occur on November 3, 2021—while contemporaneously refusing to respond to Plaintiff's discovery requests.

Based on the foregoing and because their conduct necessitated this motion, Responding Defendants should be compelled to immediately produce responses and responsive documents; their objections to the document requests deemed waived[1]; and they must be ordered to pay Plaintiff's reasonable attorneys' fees incurred in bringing this

---

[1] Sabol v. Brooks, 469 F.Supp.2d 324, 328 (failure to state objections in conformity with the Rules regarded as waiver).

motion. Fed. R. Civ. P. 37(d)(1)(B)(3) ("Instead of or in addition to these sanctions, the court require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."); Gautier v. Tams Mgmt., 2021 U.S. Dist. LEXIS 4856, *9 (S.D. W. Va. Jan. 11, 2021 ("During the hearing on Plaintiff's Motion, the Court had admonished Defendants for failing to produce discovery in response to a reasonable request without sufficient explanation or substantial justification for the failure. Additionally, Plaintiff has requested its attorneys' fees and costs to be awarded as a result of Defendants' discovery abuses. The Court does not condone Defendants' discovery conduct, and with regard to Plaintiff's request for attorneys' fees, the Court finds that this sanction is not only appropriate, but also mandated by Rule 37 of the Federal Rules of Civil Procedure given the circumstances surrounding Plaintiff's Motion to Compel. Plaintiff submitted an invoice detailing attorney and staff time incurred in prosecuting the Motion to Compel.").

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court issue an Order compelling Responding Defendants to immediately respond to the Document Requests and provide their document productions, with all objections to same deemed waived, and to pay Plaintiff's reasonable attorneys' fees in the amount of $875.00 pursuant to Rule 37(c) and (d).

Respectfully submitted October 25, 2021.

                                    /s/ Molly R. Hamilton Cawley
                                    Molly R. Hamilton Cawley (#11838)
                                    Casey Martens (#12812)
                                    MHC Law, LLC
                                    460 King Street, Suite 200
                                    Charleston, SC  29403
                                    Tel: (843) 225-8651
                                    Molly@mhc-lawfirm.com
                                    Casey@mhc-lawfirm.com

                                    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day I electronically filed **PLAINTIFF's MOTION TO COMPEL DISCOVERY** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record for Defendants:

                                  Scott F. Talley, Esq.
                                  Talley Law Firm
                                scott@talleylawfirm.com
                                *Counsel for Defendants*

This the 25th day of October, 2021.

                                          /s/ Molly R. Hamilton Cawley